```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
```

MELVIN BALDWIN,                    :
a/k/a Justice I. Allah,            :
                                   :   Civil Action No. 12-2792 (FSH)
            Petitioner,            :
                                   :
      v.                           :   **MEMORANDUM OPINION**
                                   :
STATE OF NEW JERSEY, et al.,       :
                                   :
            Respondents.           :

**APPEARANCES:**

Petitioner pro se
Melvin Baldwin
Montgomery County Detention Facility
Montgomery, Alabama

**HOCHBERG**, District Judge

   Petitioner Melvin Baldwin, a prisoner currently confined at the Montgomery County Detention Facility in Montgomery, Alabama, has filed a Petition for writ of habeas corpus, pursuant to 28 U.S.C. § 2254, challenging a sentence of probation imposed by the Superior Court of Union County, New Jersey.

A.   The Filing Fee

   The filing fee for a petition for writ of habeas corpus is $5.00.  Pursuant to Local Civil Rule 54.3(a), the filing fee is required to be paid at the time the petition is presented for filing.  Pursuant to Local Civil Rule 81.2(b), whenever a prisoner submits a petition for writ of habeas and seeks to proceed in forma pauperis, that petitioner must submit (a) an

affidavit setting forth information which establishes that the petitioner is unable to pay the fees and costs of the proceedings, and (b) a certification signed by an authorized officer of the institution certifying (1) the amount presently on deposit in the prisoner's prison account and, (2) the greatest amount on deposit in the prisoners institutional account during the six-month period prior to the date of the certification.  If the institutional account of the petitioner exceeds $200, the petitioner shall not be considered eligible to proceed in forma pauperis.  Local Civil Rule 81.2(c).

Petitioner did not prepay the $5.00 filing fee for a habeas petition as required by Local Civil Rule 54.3(a).

Petitioner submitted an application to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a)(1); however, Petitioner's institutional account information was not certified by an authorized officer of the institution as required by Local Civil Rule 81.2(b).

B.   Exhaustion of State Remedies

In addition, any grounds for relief asserted by a state prisoner in a federal petition for writ of habeas corpus must have been fully exhausted in state court, unless there is an absence of available state procedures.  See 28 U.S.C. § 2254(b)(1)(A).  The petitioner generally bears the burden to

2

prove all facts establishing exhaustion. Toulson v. Beyer, 987 F.2d 984, 987 (3d Cir. 1993).

Here, Petitioner asserts that his sentence was imposed on September 15, 2011, and that he has directly appealed the sentence, but he fails to provide any information regarding the results of his appeal(s). In addition, Petitioner asserts that he has presented the claim presented here in a petition for post-conviction relief filed in state court in September 2011. The Petition is dated March 30, 2012,[1] a mere six months after sentence was imposed. In light of this short timeline, and Petitioner's failure to provide information regarding the results of his direct appeals and petition for post-conviction relief, it does not appear that Petitioner has exhausted his grounds for relief in state court. Should Petitioner apply to re-open this action, he must accompany such application with information establishing that he has exhausted his grounds for relief in state court.

C.   "Mason" Notice

Finally, This Court is required by Mason v. Meyers, 208 F.3d 414 (3d Cir. 2000), to notify Petitioner of the consequences of filing such a Petition under the Antiterrorism and Effective

---

[1] The Petition was originally filed in the United States District Court for the Middle District of Alabama and was later transferred to this Court.  See Baldwin v. State of New Jersey, Civil No. 12-0301 (M.D. Ala.).

3

Death Penalty Act ("AEDPA") and to give Petitioner an opportunity to file one all-inclusive § 2254 Petition. Under the AEDPA, prisoners challenging the legality of their detention pursuant to the judgment of a State court must marshal in one § 2254 Petition all the arguments they have to collaterally attack the State judgment and, except in extremely limited circumstances, file this one all-inclusive Petition within one year of the date on which the judgment of conviction becomes final by the conclusion of direct review or the expiration of the time for seeking such review. See 28 U.S.C. § 2244(d). A petitioner may not file a second or successive petition under § 2254, absent certification by the Court of Appeals for the Third Circuit and extraordinary circumstances.

Should Petitioner apply to re-open this matter, he may submit an amended petition asserting all of his grounds for relief with respect to the challenged conviction and demonstrating exhaustion of state remedies with respect to all asserted grounds for relief.

## CONCLUSION

For the reasons set forth above, Petitioner's application for leave to proceed in forma pauperis will be denied without prejudice and the Clerk of the Court will be ordered to administratively terminate the Petition without prejudice.

Petitioner will be granted leave to apply to re-open within 30 days, by either prepaying the filing fee or submitting a complete application for leave to proceed in forma pauperis, including the required certified institutional account information, and by providing information that he has exhausted in state court all asserted grounds for relief.

An appropriate Order will be entered.

s/ Faith S. Hochberg
Faith S. Hochberg
United States District Judge

Dated: July 18, 2012